# EXHIBIT 27

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT

YELLOWSTONE COUNTY, MONTANA

| | |
|---|---|
| BRANDY MORRIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST INTERSTATE BANK,<br><br>Defendant. | Cause No.: DV 20-528<br><br>Judge Michael G. Moses<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND** |

This matter comes before the Court on Defendant First Interstate Bank's Motion to Dismiss, filed June 8, 2020. The Plaintiff Morris filed a response in opposition to the Motion to Dismiss on June 25, 2020. Plaintiff filed Motion to Amend on August 18, 2020. Defendant filed a response in opposition to the Motion to Amend on September 3, 2020. Plaintiff filed a reply brief in support of her Motion to Amend on September 8, 2020. The Court heard argument on all motions on September 9, 2020.

**I.     STANDING AND ESTOPPEL**

    **a.  Background**

Defendant assessed overdraft fees on Plaintiff's account in March and April 2017. Pl.'s Compl. ¶¶ 11, 61. Plaintiff filed for bankruptcy in June 2018. Def.'s Mot. Dismiss at Ex. 1-1, 1-46. Plaintiff was unaware of her potential cause of action against Defendant regarding the overdraft fees and, thus, did not list the present cause of action when she filed for bankruptcy in 2018. *Id.* at 1-14; Pl.'s Res. Mot. Dismiss at 5. Plaintiff's bankruptcy claim was discharged in September 2018. Def.'s Mot. Dismiss at Ex. 1-59. Plaintiff did not realize her potential claims against Defendant regarding the 2017 overdraft fees until April 2020 when she consulted her attorney. Pl.'s Res. Mot. Dismiss at 5.

### b. Legal Standard

Under Montana law, to have standing, a plaintiff must clearly allege past, present, or threatened injury to her property that a success in the court would alleviate. *Lucas v. Stevenson*, 294 P.3d 377, 381 (Mont. 2013). Whether the claim is the property of a plaintiff or her bankruptcy estate depends on when the cause of action accrued; it is part of the bankruptcy estate if it accrued before plaintiff filed for bankruptcy. *Id., quoting* 11 U.S.C. § 541. A cause of action "accrues" when it "springs up, originates, comes into being, becomes operative, presents itself"—in other words, when plaintiff has knowledge of a potential legal claim. *Bergin v. Temple*, 111 P.2d 286, 289 (Mont. 1941); *see also*, Mont. Code Ann. § 27-2-102. Further, a plaintiff is "precluded from pursuing claims *about which he had knowledge*, but did not disclose, during his bankruptcy proceedings." *Hamilton v. State Farm Fire & Cas Ins. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (emphasis added).

### c. Discussion

Defendant argues that Plaintiff lacks standing and is judicially estopped from bringing the present claim because she failed to disclose the potential claims arising from events in 2017 when

she filed for bankruptcy in 2018. Def.'s Mot. Dismiss at 10–11. Plaintiff argues that due to the complex nature of Defendant's overdraft scheme, the cause of action did not accrue until she was made aware of her potential claims upon consulting with her attorney in April 2020. Pl.'s Res. Mot. Dismiss at 5.

When Plaintiff learned of her claims and filed her complaint regarding the 2017 overdraft fees in April 2020, the bankruptcy claim had already been discharged in 2018. Thus, Plaintiff was a real party at time of filing on April 10, 2020. However, Plaintiff Morris may still have a duty to notify her bankruptcy estate trustee that this claim is pending before the Court.

The Court hereby DENIES Defendant's Motion to Dismiss Plaintiff's Complaint based on lack of standing and judicial estoppel.

## II. MOTION TO DISMISS

### a. Legal Standard

Under Mont. R. Civ. P. 12(b)(6) a motion to dismiss is appropriate for Plaintiff's failure to state a claim upon which relief can be granted. *Cape v. Corr. Ctr.*, 99 P.3d 171, 174 (Mont. 2004). The Montana Supreme Court held that "a district court is required to construe the complaint in the light most favorable to the plaintiff and should not dismiss the complaint unless it appears the plaintiff is not entitled to relief under any set of facts which could be proved in support of the claims." *Northfield Ins. Co. v. Montana Association of Counties*, 10 P.3d 813 (Mont. 2000).

### b. Discussion

Based on the Court's reading of the Terms and Conditions of the Deposit Account at issue, the Court notes that there is a possibility that the language is ambiguous. Both parties' briefs invite the Court to interpret the contract's language, but the Court declines that invitation on a motion to dismiss the breach of contract and breach of covenant of good faith and fair dealing. Rather, the Court's contract interpretation is appropriate on a motion for summary judgment. The Court,

-3-

therefore, finds that there are a set of circumstances in which the Plaintiff could be entitled to relief on these claims.

The Court hereby DENIES Defendant's Motion to Dismiss Plaintiff's Complaint on breach of contract and breach of covenant of good faith and fair dealing.

### III. MOTION TO AMEND

#### a. Legal Standard

Under Mont. R. Civ. P. 15(a)(2) a "party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give the leave when justice so requires." The Montana Supreme Court has liberally applied this rule to allow amendments if it does not unduly prejudice the opposing party. *Ally Financial, Inc. v. Stevenson*, 430 P.3d 522, 525 (Mont. 2018); *Upky v. Marshall Mountain, LLC*, 180 P.3d 651, 654 (Mont. 2008).

#### b. Discussion

Here, the Plaintiff moves to amend the complaint to drop Count III for unjust enrichment and add an additional plaintiff, Brenda Gray, with identical claims as the original plaintiff, Brandy Morris, relating to Defendant's assessment and collection of overdraft fees. Defendant does not oppose dropping Count III for unjust enrichment. However, Defendant argues that an original plaintiff who lacks standing is precluded from amending the complaint to later add a plaintiff that satisfies the standing requirement. After denying Defendant's Motion to Dismiss for lack of standing, granting Plaintiff's Amended Complaint to add Brenda Gray as a plaintiff would not prejudice Defendant.

The Court hereby GRANTS Plaintiff's Motion to Amend the Complaint to relate back to the date of Plaintiff Morris's original Complaint filed April 10, 2020.

## IV. CONCLUSIONS

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss is DENIED.

IT IS HEREBY ORDERED that the Plaintiff's Motion to Amend is GRANTED.

DATED this 27th day of October, 2020.

_____
DISTRICT JUDGE

cc:   Edwards & Culver
      Kaliel PLLC
      Parker, Heitz & Cosgrove, PLLC
      Katten Muchin Rosenman LLP

CERTIFICATE OF SERVICE
This is to certify that the foregoing was duly served by mail/hand upon the parties or their attorneys of record at their last known addresses this 27th day of October, 2020.

BY _____
Judicial Assistant to Hon. Michael G. Moses